**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>HEATHER L. WELKER,<br><br>           Defendant. | CR 18-06-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Heather L. Welker (Welker) has been accused of violating the conditions of her supervised release.  Welker admitted the alleged violation.  Welker's supervised release should be revoked.  Welker should be placed in custody for a term of time served, with no supervised release to follow.

## II.  Status

Welker pleaded guilty to four counts of making a False Statement to a Federally Licensed Firearms Dealer.  (Doc. 2-2).  United States District Court Judge Kim R. Gibson sentenced Welker to 5 years of probation.  *Id*.  Welker's term of probation was revoked on April 5, 2018.  (Doc. 65 at 2).  Welker was sentenced to 9 months of custody followed by 36 months of supervised release.

*Id.* Welker's current term of supervised release began on May 19, 2023. (Doc. 74).

**Petition**

The United States Probation Office filed a Petition on May 24, 2023, requesting that the Court revoke Welker's supervised release. (Doc. 74). The Petition alleged that Welker had violated the conditions of her supervised release by failing to obtain employment by May 22, 2023.

**Initial appearance**

Welker appeared before the undersigned for her initial appearance on June 13, 2023. Welker was represented by counsel. Welker stated that she had read the petition and that she understood the allegations. Welker waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 13, 2023. Welker admitted that she had violated the conditions of his supervised release by failing to obtain employment by May 22, 2023. The violation is serious and warrants revocation of Welker's supervised release.

Welker's violation is a Grade C violation. Welker's criminal history

2

category is I.  Welker's underlying offenses are Class C felonies.  Welker could be incarcerated for up to 24 months.  Welker could be ordered to remain on supervised release for up to 12 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Welker's supervised release should be revoked.  Welker should be placed in custody for a term of time served, with no supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Welker that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Welker of her right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Welker that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.  Welker stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

3

The Court **FINDS:**

> Heather L. Welker violated the conditions of her supervised release by failing to obtain employment by May 22, 2023.

The Court **RECOMMENDS:**

> The District Court should revoke Welker's supervised release and commit Welker to the custody of the United States Bureau of Prisons for a term of time served, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of June, 2023.

John Johnston
United States Magistrate Judge

4